UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES T. ROCHE                                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 1:09CV311-LG-RHW

RON KING                                                                         RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Respondent's [9] Motion to Dismiss Petitioner James T. Roche's 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred by the AEDPA's one-year limitation period. Roche is serving a seven-year sentence based on a January 15, 2004, conviction for commercial burglary in Pearl River County, Mississippi. In his petition, Roche raises a host of issues including: (1) improper line-up; (2) arrest before being officially charged; (3) no positive identification of Roche; (4) lack of probable cause; (5) improper questioning outside the presence of an attorney; (6) ineffective assistance of counsel; (7) denial of speedy trial; (8) insufficient evidence; and (9) defective indictment.

Respondent filed the instant motion and argues that Roche's conviction and sentence became final on July 13, 2005, and that his § 2254 petition filed on May 19, 2009, is therefore untimely. In his response, Roche argues that he mailed his petition on or before May 15, 2009; therefore, it should be deemed timely.

**LAW AND ANALYSIS**

28 U.S.C. § 2244 provides in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Roche was convicted on January 15, 2004. The Court entered an Order of Conviction and Sentence on January 23, 2004. Roche filed an appeal in the Mississippi Supreme Court. The Mississippi Supreme Court affirmed Roche's conviction and sentence on April 14, 2005. *See Roche v. State of Mississippi*, 913 So.2d 306 (Miss. 2005). Roche did not file a petition for writ of certiorari to the United States Supreme Court. Therefore, Roche's judgment became final on July 13, 2005, or 90 days after the final decision of the Mississippi Supreme Court. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Roche's deadline for filing a timely § 2254 petition would be July 13, 2006, one year after his conviction and sentence became final. Although Roche filed a motion for post-conviction relief in state court on April 11, 2008, this motion was filed well beyond the one-year deadline for filing a timely § 2254 petition. Because the motion for post-conviction relief was filed more than one year after his conviction and sentence became

final, it had no tolling effect on the one-year limitation period for filing a timely § 2254 petition. Simply put, Roche's motion for post-conviction relief was filed too late to affect the one-year limitation period.

In his response to the motion to dismiss, Roche argues that he filed his § 2254 petition on or before May 15, 2008, and that the prison mail log will verify this fact. Roche's argument misses the point. The undersigned finds that Roche has not demonstrated that he had a "properly filed" motion for post-conviction relief filed in state court prior to July 13, 2006 (the expiration date for the one-year limitation period). Nor has he demonstrated that he filed a § 2254 petition prior to July 13, 2006. Roche's § 2254 petition filed on May 19, 2009, is approximately 2 years and 10 months too late.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's [9] Motion to Dismiss be granted and that Roche's § 2254 petition be dismissed as time-barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. A party who

fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 6th day of November, 2009.

s/ *Robert H. Walker*<br>UNITED STATES MAGISTRATE JUDGE