# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES T. ROCHE** | § | **PETITIONER** |
| | § | |
| **V.** | § | **NO. 1:09cv311-LG-RHW** |
| | § | |
| **RON KING** | § | **RESPONDENT** |

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION

**BEFORE THE COURT** is the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Judge Robert H. Walker, entered in this cause on November 6, 2009, regarding Respondent Ron King's [9] Motion to Dismiss Petitioner James T. Roche's [1] Petition for Habeas Corpus pursuant to § 2254. Magistrate Judge Walker recommends that the petition be denied as time-barred. Roche timely filed his Objection. The Court has conducted a *de novo* review of his objections, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge should be adopted.

## FACTS AND PROCEDURAL HISTORY

Roche was convicted of commercial burglary in the Circuit Court of Pearl River County, Mississippi, on January 23, 2004. The trial court sentenced him to seven years in the custody of the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed his conviction on April 14, 2005. He did not seek *certiorari* from the United States Supreme Court. Instead, he field a motion for post-conviction relief, in the State court, on April 11, 2008. He did not file the instant habeas petition until May of 2009.

## DISCUSSION

Roche objects to the Magistrate Judge's recommendation, arguing that (1) he did not

receive a copy of the Mississippi Supreme Court's decision "until it was too late to file or respond," and (2) his post-conviction counsel advised him that he had three years to file for state post-conviction relief. (Obj. at 1).

These objections were not raised before the Magistrate Judge, and so they are waived.

Even if these issues were not waived, these objections fail on their merits as well. Roche does not say when he received the Mississippi Supreme Court's decision. Additionally, the advice given by his post-conviction attorney was correct. Under state law, he did have up to three years to file for state post-conviction relief.

However, Roche argues that "her advice was misleading and impeded my right to correct knowledge and information." *Id.* He appears to argue that she was constitutionally ineffective and this prevented him from filing a timely habeas petition. "To be entitled to equitable tolling, [Roche] must show '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," or he was actively misled by the defendant. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). *Pro se* status by itself does not qualify as an extraordinary circumstance. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). "Attorney miscalculation [of the limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence*, 549 U.S. at 336-37. Thus, "[i]neffective assistance of counsel is irrelevant to the tolling decision." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). On the other hand, intentional misrepresentation by counsel, and petitioner's reasonable detrimental reliance thereon, may qualify as an extraordinary

2

circumstance for equitable tolling purposes. *Wynn*, 292 F.3d at 230-31 (attorney misled petitioner into believing the habeas petition was already filed).

Roche does not argue and there is no evidence that his attorney intentionally misled him regarding the statute of limitations on his Section 2254 claim. Rather, it is undisputed that she correctly advised him regarding his state post-conviction relief. He argues only that based on her advice, he misinterpreted the time he had available for his federal court habeas relief. This does not serve to toll the statute of limitations. Therefore, his habeas petition is still untimely.

After a *de novo* review of Roche's objections, they are overruled, and Magistrate Judge Walker's Proposed Findings of Fact and Recommendation are adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Judge Robert H. Walker, entered on November 6, 2009, be, and the same hereby is, adopted as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [9] is **GRANTED.** Petitioner James T. Roche's [1] Petition for Habeas Corpus is **DISMISSED**. A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE